J-A08039-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| CATHERINE GUARNIERI, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GUARDIAN WARRANTY CORPORATION | : | |
| AND CIVIC PARTNERS, LP D/B/A | : | |
| GUARDIAN WARRANTY CORP. | : | |
| | : | |
| Appellees | : | No. 1328 MDA 2014 |

Appeal from the Order Entered July 17, 2014,
in the Court of Common Pleas of Luzerne County,
Civil Division, at No(s): 17752-08

BEFORE:    SHOGAN, WECHT, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:        **FILED JUNE 02, 2015**

I respectfully disagree with the Majority and offer the following analysis as to why the trial court erred in granting summary judgment in favor of Guardian and against Guarnieri.

The trial court concluded that Guarnieri had not met her burden as to the causation element of her *prima facie* case "because she did not establish a pattern of animus." Trial Court Opinion, 10/7/2014, at 6.  Additionally, the trial court concluded there was too much time, seven months, between the protected activity and the adverse employment action.

Temporal proximity between the filing of a workers' compensation claim and the adverse employment action can create sufficient evidence to show causation.  "In cases like this one, where the temporal proximity is not

---

*Retired Senior Judge assigned to the Superior Court.

so close as to be unduly suggestive, we have recognized that timing plus other evidence may be an appropriate test[.]" ***Williams v. Philadelphia Hous. Auth. Police Dep't***, 380 F.3d 751, 760 (3d Cir. 2004) (holding two month lapse between protected activity and retaliatory action implicates this test).

In support of her *prima facie* case, Guarnieri testified that Nilon exhibited a negative attitude toward Guarnieri at times after she filed the workers' compensation claim. Thus, Guarnieri produced evidence of both a temporal relationship, five months, and animus exhibited by Nilon. As such, I conclude there is a genuine issue of material fact as to the causation element of a *prima facie* case for retaliation. Therefore, the trial court erred in granting summary judgment on this basis.

My analysis does not end here. Once a plaintiff has established a *prima facie* case, the "the burden of evidence production shifts to the defendant to articulate some legitimate, nondiscriminatory purpose for its adverse employment actions." ***Alers v. City of Philadelphia***, 919 F. Supp. 2d 528, 542 (E.D. Pa. 2013). "If the defendant carries this burden, the plaintiff must then prove that the defendant's proffered reasons for the actions taken were not its true reasons, but rather were pretext for the defendant's discriminatory purpose." ***Id***.

At summary judgment, although Guardian did not concede that Guarnieri established her *prima facie* case, it contended that it offered a legitimate non-discriminatory reason in that it followed its company-wide family and medical leave policy and Guarnieri was never able to return to work. Guardian's Brief in Support of Summary Judgment, 5/23/2014, at ¶¶ 64-69. On appeal, Guarnieri contends that "the alleged reason has been proven pretextual since [Guardian] could not fire [Guarnieri] pursuant to [Guardian's] own policy." Guarnieri's Brief at 17.

> The ultimate burden of persuading the trier of facts rests at all times with the plaintiff. To survive a motion for summary judgment where the defendant-employer has met its evidentiary burden of articulating a legitimate, nondiscriminatory purpose for its actions, the plaintiff must provide direct or circumstantial evidence of pretext with sufficient probative force from which the fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.

*Alers*, 919 F. Supp. 2d at 543 (internal quotations and citations omitted).

Instantly, I observe that there is a genuine issue of material fact as to whether Guarnieri was ever informed she was subject to Guardian's medical leave policy. Additionally, even if she was subject to this policy, the policy itself provides that she is entitled to "a period of disability in accordance with all applicable laws covering occupational disabilities." Trial Court Opinion, 10/7/2014, at 2. Guarnieri also points to the fact that Guardian was "veraciously [*sic*] fighting her [workers'] compensation claim." Guarnieri's

Brief at 13. Specifically, a review of the record reveals that Guarnieri's workers' compensation hearing occurred on September 25, 2007, just days before Guarnieri learned she had been terminated.

Moreover, Guarnieri points to Nilon's "animus" to support a causal link between the filing for workers' compensation and her firing. *Id*. Because Guarnieri was entitled to the benefits and protections of the workers' compensation laws, and set forth other evidence to show that there is a link between her filing for workers' compensation and her termination, it is appropriate for a jury to decide whether Guardian's reason was merely a pretext.

For these reasons, I would reverse the order of the trial court granting summary judgment.